IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ANTONIO S. GONZALEZ, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | Case No. 11-cv-4390 |
| v. | ) |  |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is the government's Rule 12(b)(6) Motion to Dismiss Antonio S. Gonzalez's First Amended Petition to Quash IRS Third Party Summons. For the following reasons, the Court construes the government's motion to dismiss as a response to Mr. Gonzalez's Petition, denies the Petition and the request for an evidentiary hearing with prejudice, and denies the government's motion to dismiss pursuant to Rule 12(b)(6) as moot.

## BACKGROUND

Petitioner Antonio S. Gonzalez is a United States citizen who resides in Miami, Florida. (R. 3, Petition at 1.[1]) The Internal Revenue Service ("IRS") is conducting a criminal investigation of Mr. Gonzalez. (*Id.* at 2.) He is the sole shareholder of the law firm of Antonio S. Gonzalez, P.A. and GSMG, Inc., an entity licensed to provide boxing-related services. (R. 7-1, Morrow Decl. ¶ 3.) According to the IRS, Mr. Gonzalez has not filed federal income tax returns or paid federal taxes for the years 2006 through 2010. (*Id.*)

---

[1] Citations to "Petition" refer to Mr. Gonzalez's First Amended Petition to Quash. *See* R. 3.

On June 8, 2011, IRS Criminal Investigation Division Special Agent Brett Morrow issued a summons for the production of documents under 26 U.S.C. § 7602(a) to Trans Union, a credit reporting business located in Chicago, Illinois (the "Summons"). (*Id.* at 5-6.) Special Agent Morrow also provided a copy of the Summons to Mr. Gonzalez on that same day. (R. 7-1, Morrow Decl. ¶ 7; R. 7-2, Service of Summons at 3.) The Summons sought "all records relative to the financial transactions" of Mr. Gonzalez from January 1, 2005 through the present, and it also required Trans Union to give testimony. (R. 3-1, Summons at 1-2.) On June 28, 2011, Mr. Gonzalez filed a Petition to Quash the Summons (R. 1), and on June 30, 2011, he filed a First Amended Petition to Quash (the "Petition"). On August 17, 2011, the United States filed a Motion to Dismiss the Petition. (R. 7.)

Because both parties attached materials outside the pleadings to their briefs, which is normally not permitted under Rule 12(b)(6), the Court will construe the government's motion to dismiss as a response to Mr. Gonzalez's Petition. *See Pragovich v. IRS*, No. 08–mc–12–JPG, 2008 WL 3385458 (S.D. Ill. Aug. 11, 2008) (construing government's motion to dismiss, which attached materials outside the pleadings, as a response to the taxpayer's motion to quash).

## ANALYSIS

"Section 7602 of the Internal Revenue Code grants the IRS 'broad power' to issue summonses to investigate violations of the tax code." *Khan v. United States*, 548 F.3d 549, 553 (7th Cir. 2008) (citing *Miller v. United States*, 150 F.3d 770, 772 (7th Cir. 1998)). Pursuant to that statute, the Secretary of the Treasury may "examine books and records, issue summonses and take testimony for the purposes of 'ascertaining the correctness of any return, making a return where none has been made; [or] determining the liability of any person for any internal

2

revenue tax. . . .'" *Id.* (citing 26 U.S.C. § 7602(a)). The Seventh Circuit has recognized that the IRS summons power is "vital to the efficacy of the federal tax system, which seeks to assure that taxpayers pay what Congress has mandated and to prevent dishonest persons from escaping taxation thus shifting heavier burdens to honest taxpayers." *Id.* at 553-54 (citing *United States v. BDO Seidman*, 337 F.3d 802, 810 (7th Cir. 2003)) (quotation marks omitted).

In *United States v. Powell*, the Supreme Court held that in order to establish a *prima facie* case of a valid IRS summons issued pursuant to 26 U.S.C. § 7602, the government must show that (1) it issued the summons for a legitimate purpose; (2) the summoned data may be relevant to that purpose; (3) the government does not already have the data; and (4) the government followed the Internal Revenue Code's administrative steps in issuing and serving the summons. 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *Khan*, 548 F.3d at 554. Additionally, "the United States must not violate provisions of § 7602, including § 7602(d)(1), designed to ensure the summons is issued in good faith." *Id.* at 544. The government often demonstrates its *prima facie* case through affidavits of IRS agents involved in the investigation. *2121 Arlington Heights Corp. v. IRS*, 109 F.3d 1221, 1224 (7th Cir. 1997). Once the government has established a *prima facie* case, the burden shifts to the taxpayer to show establish a valid defense. *Id.* The taxpayer may meet this "heavy burden" either by disproving the existence of one of the *Powell* factors or by identifying specific facts suggesting that the IRS issued the summons in bad faith. *Id.*

**I.      The Government Has Established a *Prima Facie* Case**

The government's burden to demonstrate its *prima facie* case under *Powell* is a slight one, and it is easily met here. *See 2121 Arlington Heights Corp.*, 109 F.3d at 1224.[2] Special Agent Morrow's declaration affirms that the IRS issued the Summons, which seeks documents and testimony related to Mr. Gonzalez's financial transactions, to a credit reporting business for the legitimate purpose of determining the correct federal income tax liabilities of Mr. Gonzalez for 2006 through 2010 and whether he has committed any offense of the internal revenue laws during those years. *See Powell*, 379 U.S. at 57–58; Morrow Decl. ¶ 8. Special Agent Morrow also stated that the government does not already have the requested data and that it complied with all of the Internal Revenue Code's administrative procedures in issuing the Summons. *Powell*, 379 U.S. at 57-68; Morrow Decl. ¶¶ 9-11. He further avers that a Justice Department referral is not in effect with respect to Mr. Gonzalez. (Morrow Decl. ¶ 12.)

**II.     Mr. Gonzalez Fails to Meet His Burden of Proving a Defense to the Summons**

Because the government has demonstrated its *prima facie* case, the burden shifts to Mr. Gonzalez to disprove that the government has met the *Powell* factors or set forth specific facts showing bad faith. *See 2121 Arlington Heights Corp.*, 109 F.3d at 1224. Mr. Gonzalez posits three reasons why the Court should quash the Summons: 1) the IRS issued the Summons for an invalid purpose; 2) enforcement of the Summons would be an abuse of the Court's process; and

---

[2] Some courts in this district have held that the government need not establish a *prima facie* case when it moves to dismiss the Petition without asking the court to enforce the summons. *See O'Doherty v. United States*, 05 C 3639, 2005 WL 3527271, at *6 (Dec. 20, 2005) (citing *Jungles v. United States*, 634 F. Supp. 585, 586 (N.D. Ill. 1986)). Instead, the burden immediately shifts to Mr. Gonzalez to establish a valid defense to the Summons. *Id.* That discrepancy is of no consequence here, however, because the government has set forth facts sufficient to establish its *prima facie* case.

3) the IRS failed to comply with the advanced notice requirement in 26 U.S.C. § 7602(c). (Petition, *passim*.) He further requests a "limited adversarial hearing" regarding whether the IRS issued the Summons for an improper purpose. (*Id.* at 3-4.)

### A. Mr. Gonzalez Has Not Shown That the IRS Issued the Summons for an Improper Purpose or that Enforcement of the Summons Would Be an Abuse of Process

Mr. Gonzalez's "improper purpose" and "abuse of process" arguments are essentially one and the same. Mr. Gonzalez argues that the IRS issued the Summons for the improper purpose of gathering information for a criminal investigation and that because the IRS issued the Summons in connection with a criminal investigation, it did so in "bad faith." Both arguments are without merit.

Before Congress amended 26 U.S.C. § 7602 in 1982, the IRS could issue administrative summonses for only four purposes: 1) ascertaining the correctness of a tax return; 2) making a return where none had been made; 3) determining the liability of any person for any internal revenue tax; and 4) collecting any liability for any internal revenue tax. *See United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 302 n.3, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978). In *LaSalle*, the Supreme Court held that the IRS did not have authority under § 7602 to issue summonses solely for the purpose of a criminal investigation. *Id.* at 316-17. Justice Stewart and three other justices dissented, arguing that the IRS could issue summonses solely for criminal investigation purposes as long as the IRS had not referred the investigation to the Department of Justice for criminal prosecution. *Id.* at 319-21.

Congress responded to the *LaSalle* case by amending § 7602 such that it now permits the IRS to issue summonses "for the purpose of inquiring into *any offense* connected with the

5

administration or enforcement of the internal revenue laws." 26 U.S.C. § 7602(b) (emphasis added).  An exception to this rule exists under § 7602(d)(1), which states that the IRS may not issue a summons with respect to any person "if a Justice Department referral is in effect with respect to such person."  26 U.S.C. § 7602(d)(1).  The statute continues on to provide that a "Justice Department referral" is in effect when 1) "the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws"; or 2) "any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person."  The request referenced in section 6103(h)(3)(B) is "a written request from the Attorney General, the Deputy Attorney General, or an Assistant Attorney General for a return of, or return information relating to, a person named in such request."  26 U.S.C. § 6103(h)(3)(B).

As the Seventh Circuit has recognized, there is "some debate" as to whether *LaSalle*'s "solely criminal purpose" ground still exists after the 1982 amendments to § 7602.  *See United States v. Michaud*, 907 F.2d 750, 752, n.2 (7th Cir. 1990) (en banc).  In *Michaud*, the Seventh Circuit expressly declined to resolve the debate.  *Id.*

The plain text of § 7602 specifically provides that the IRS may not issue a summons "if a Justice Department referral is in effect."  26 U.S.C. § 7602(d)(1).  Under a plain reading, the IRS may issue summonses pursuant to § 7602 even when the sole purpose of the investigation at issue is criminal, provided that the IRS has not referred the case to the Justice Department.  *See Sobitan v. Glud*, 589 F.3d 379, 382 (7th Cir. 2009) ("When the plain wording of the statute is clear, that is the end of the matter.") (citing *BedRoc, Ltd. v. United States*, 541 U.S. 176, 183,

124 S.Ct. 1587, 158 L.Ed.2d 338 (2004)); *Manning v. United States*, 546 F.3d 430, 433 (7th Cir. 2008) ("Courts must apply a statute as written when the language is plain and unambiguous.") (citing *Dodd v. United States*, 545 U.S. 353, 359, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005)). This construction of § 7602 is supported by persuasive authority from the Second, Third, Sixth, Eighth, Tenth and Eleventh Circuits. *See United States v. Millman*, 822 F.2d 305, 308 (2d Cir. 1987); *Pickel v. United States*, 746 F.2d 176, 183–84 (3d Cir. 1984); *Scotty's Contracting and Stone, Inc. v. United States*, 326 F.3d 785, 788 (6th Cir. 2003); *United States v. G & G Adver. Co.*, 762 F.2d 632, 634 n. 1 (8th Cir. 1985); *United States v. Schmidt*, 816 F.2d 1477, 1481 n. 4 (10th Cir. 1987); *La Mura v. United States*, 765 F.2d 974, 980 n. 9 (11th Cir. 1985); *Anderson v. United States*, No. 06-15501, 236 Fed. Appx. 491, 496 (11th Cir. May 31, 2007); *see also Doherty*, 2005 WL 3527271, at *4. The legislative history of the 1982 amendment also comports with this interpretation. *See* Joint Committee on Taxation, Annual Expansion of the Revenue Provisions of the Tax Equity and Fiscal Responsibility Act, 97th Cong.2d Sess. at 234-236 (1982), *reprinted in* Internal Revenue Act, 1982, Text and Legislative History, at 1182-85 (West 1983) (noting that the IRS has the authority to issue a summons "for the purpose of inquiring into any offense connected with the administration or enforcement of the Internal Revenue laws, *even when the criminal investigation is the sole investigation*") (emphasis added).[3]

Mr. Gonzalez's sole contention for why the IRS issued the Summons for an improper purpose is that he is under a criminal, not civil, tax investigation. (Petition at A; R. 10, Gonzalez

---

[3] The Court's conclusion is also consistent with the dissenting opinion in *Michaud*, which Judge Posner wrote and Judges Easterbrook, Ripple and Manion joined. *See Michaud*, 902 F.2d at 755-757.

7

Resp. at 3-6.) As stated above, however, the IRS may issue third-party summons in connection with a criminal investigation as long as it has not referred the investigation to the Justice Department. Special Agent Morrow's Declaration expressly provides that "[a] Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2), is not in effect with respect to Antonio S. Gonzalez for the taxes or taxable periods under investigation." (Morrow Decl. ¶ 12.) Mr. Gonzalez has not offered any evidence to the contrary. Therefore, Mr. Gonzalez's argument fails.

Mr. Gonzalez unpersuasively argues that there is a "material issue of fact," requiring a hearing before this Court, with respect to whether a Justice Department referral against him is in effect. (Gonzalez Resp. at 2-3.) He bases his argument in part on what he asserts is a "*prima facie*" showing that Ms. Berta Sanders, his former Certified Public Accountant who has been convicted for conspiracy to commit bank fraud, has cooperated with the Justice Department as part of her plea agreement. (*Id.* at 2.) Mr. Gonzalez attaches Ms. Sander's sentencing memorandum as an exhibit to his response brief for the stated purpose of "evidencing Ms. Sanders' profession" (*id.*), but nowhere does Mr. Gonzalez set forth any specific facts, from the sentencing memorandum or elsewhere, showing that the IRS has issued the summons in bad faith. *2121 Arlington Heights Corp.*, 109 F.3d at 1224 (taxpayer may prove abuse of process by "pointing to specific facts suggesting that the IRS issued the summons in bad faith").

He further argues that there is a need for an evidentiary hearing because there is a disputed issue of material fact as to whether the government has made a judicial referral to the Justice Department as defined in § 7602(d)(2)(A)(ii). Specifically, Mr. Gonzalez argues that Special Agent Morrow's Declaration does not address Internal Revenue Code §§ 6103(b)(2)(A)

8

and 6103(h)(3)(B). Mr. Gonzalez's argument, however, is based on an incorrect reading of Special Agent Morrow's Declaration. Paragraph 12 of the Declaration states that "[a] Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2) is not in effect with respect to Antonio S. Gonzalez. . . ." (Morrow Decl. ¶ 12.) The definition of "Justice Department referral" in § 7602(d)(2), as noted above, expressly encompasses requests from the Attorney General's office made under 26 U.S.C. § 6103(h)(3)(B). Section 6103(b)(2)(A) merely defines the term "return information" as it is used elsewhere in the statute, and therefore is of no relevance to Mr. Gonzalez's argument. In sum, Mr. Gonzalez has not set forth any specific facts indicating that the IRS issued the summons in bad faith. Therefore, an evidentiary hearing is not necessary. *See United States v. Tiffany Fine Arts*, 469 U.S. 310, 324 n. 7, 105 S.Ct. 725, 83 L.Ed.2d 678. (1985) (the decision of whether to conduct an evidentiary hearing in a summons enforcement proceeding is within the district court's discretion); *O'Doherty*, 2005 WL 3527271, at *4 (denying request for evidentiary hearing regarding the government's motive).

### B. Mr. Gonzalez Was Not Entitled to Advance Notice of the Summons

Mr. Gonzalez argues that the Summons is invalid because the IRS did not comply with § 7602(c) by giving him advanced noticed of the Summons. (Petition at C; Gonzalez Resp. at 7.) Under § 7602(c)(3), however, the IRS is not obligated to provide advance notice to the taxpayer of third-party summonses if the summonses are issued "with respect to any pending criminal investigation." 26 U.S.C. § 7062(c)(3); *Kern v. United States*, Nos. 07-50104 and 07- 50302, 2010 WL 1064423, at *4 (E.D. Mich. Apr. 18, 2011) (no advance notice to taxpayer of third party summons was required under § 7602(c) because IRS issued summons in connection with a criminal investigation); *Poole v. United States*, No. 10-02668 RS, 2011 WL 206674, at *2 (N.D.

9

Cal. Jan. 21, 2011) (same); *see also Bull D., S.A. de C.V. v. United States*, 487 F. Supp.2d 772, 777 (W.D. Tex. 2007) (recognizing that § 7602(c)'s advance notice provision does not apply where the IRS issues a third party summons in connection with a criminal investigation). It is undisputed that the Summons was issued in connection with a criminal investigation. Therefore the IRS was not required to provide advanced notice to Mr. Gonzalez. Moreover, the government provided notice of the Summons to Mr. Gonzalez on the same day it issued the Summons (June 8, 2011), and in doing so, it complied with its reasonable notice obligation under 26 U.S.C. § 7609. Mr. Gonzalez has failed to show that the IRS did not comply with Internal Revenue Code's administrative procedures in issuing the Summons.

## CONCLUSION

For the reasons stated above, the Court denies Mr. Gonzalez's Petition to Quash and request for an evidentiary hearing with prejudice, and further denies the government's motion to dismiss pursuant to Rule 12(b)(6) as moot.

**Date:** October 4, 2011

**ENTERED**

_____
**AMY J. ST. EVE**
**United States District Court Judge**